IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA DEAVER, *individually and on behalf of all others similarly situated*, | |
| Plaintiff, | CIVIL ACTION NO. _____ |
| *v.* | **JURY TRIAL DEMANDED** |
| HOMESITE GROUP INCORPORATED, | |
| Defendant. | |

## PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Melissa Deaver, on behalf of herself and all others similarly situated, by and through counsel, for her Class and Collective Action Complaint against Defendant Homesite Group Incorporated (hereinafter also referred to as "Homesite" or "Defendant"), states and alleges the following:

## INTRODUCTION

1.      The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc*., 450 U.S. 728, 739 (1981). The FLSA required Defendant Homesite to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio and other state

laws[1] further required the payment of overtime and/or non-overtime compensation, and/or contained other wage payment requirements. O.R.C. §§ 4111.03, 4113.15, 2307.60, and the materially similar laws and their implementing regulations in effect in other States.

2.      Defendant Homesite's employee overtime wage compensation practices, including Defendant's overtime miscalculation policies, have previously been challenged as willful attempts to circumvent the FLSA and State Law. *See Acklin v. Homesite Group, Inc.*, No. 1:18-cv-12183 (D. Mass., filed Oct. 22, 2018). In *Acklin*, on November 5, 2019, the parties filed their *Agreed Order of Dismissal with Prejudice* (Doc. 33) in this district and division which incorporated a settlement providing for a gross total of $359,789.00 in overtime back wages and other damages (s*ee id.* at Doc. 31). Nevertheless, Defendant has continued to engage in these and other willful, intentional FLSA violations.

3.      Plaintiff brings this case to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201-219, as well as the laws of the State of Ohio and the materially similar laws and their implementing regulations in effect in other States.

4.      Plaintiff brings this case as a nationwide FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in

---

[1] These laws include, but are not limited to, by way of example, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.,* and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.3, *et seq.*; Nevada State wage and hour law, Nevada Revised Statute, §§ 608.140, 608.016, 608.018, and 608.020-.050; California State wage and hour law, California Labor Code, Cal. Lab. Code §§ 201-204, 226, 510, 1194, 1194.5, IWC Wage Orders #1-2001 through #17-2001, and Cal. Bus. & Prof. Code § 17200, *et. seq*.; the Michigan Workforce Opportunity and Payment of Wages Acts, Mich. Comp. Laws §§ 408.411, *et seq.,* 408.471, *et seq.*; the North Carolina Wage and Hour Act, N.C. Gen. Stat. 95-25.1, *et seq.*; Indiana Minimum Wage Law, I.C. § 22-2-2, *et seq.,* and the Indiana Wage Payment Statute, I.C. § 22-2-5, *et seq.*

behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

5.     Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the laws of the State of Ohio and similar laws and implementing regulations in effect in other States (the "State Law Class").

6.     Plaintiff and other members of the FLSA Collective and State Law Class now seek to exercise their rights to unlawfully unpaid overtime and non-overtime wages and additional statutory liquidated damages in this matter, exemplary and punitive damages, other penalties, in addition to prejudgment and post-judgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.     This Court has supplemental jurisdiction over Plaintiff's claims under State Law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

9.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division.

## PARTIES

10.     Plaintiff is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff has filed an "Opt-In Consent Form" which is attached as Exhibit A.

11.    Defendant Homesite is a Delaware for-profit corporation with its corporate headquarters and principal place of business at One Federal Street, Boston, Massachusetts 02110.[2] According to records maintained by the Massachusetts Secretary of State, Defendant Homesite's Registered Agent for service of process is Anthony M. Scavongelli, One Federal Street, 4th Floor, Boston, Massachusetts 02110.[3]

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

12.    Defendant Homesite is a "Property and Casualty Insurance Company headquartered in Boston, [Massachusetts]."[4] Defendant Homesite is an affiliate of American Family Insurance Mutual Holding Company, 6000 American Parkway, Madison, Wisconsin 53783.[5]

13.    Defendant Homesite is an "employer" of Plaintiff and other members of the FLSA Collective and State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d), Ohio Law, and the materially similar laws and their implementing regulations in effect in other States.

14.    Defendant Homesite utilizes non-exempt remote insurance agent employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purpose.

15.    At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

---

[2] *See* https://go.homesite.com/contact-us (last accessed August 16, 2022).
[3] https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?sysvalue=AqqcEKqnYRw5l6_uVi6PRRNosupYU2xfYMPqZooHtBY- (last accessed August 16, 2022).
[4] https://go.homesite.com/  (last accessed August 16, 2022).
[5] https://go.homesite.com/member-companies (last accessed August 16, 2022).

16.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17.     Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

18.     Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

<u>**Plaintiff's, the FLSA Collective's, and State Law Class's**</u>
<u>**Non-Exempt Employment Statuses with Defendant**</u>

19.     Plaintiff Melissa Deaver has been employed by Defendant since approximately June 2018 as a non-exempt remote insurance agent. Defendant classifies and pays Plaintiff, as well as other members of the FLSA Collective and State Law Class, as nonexempt employees.

20.     At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees within the meaning of 29 U.S.C. § 203(e), Ohio law, and the materially similar laws and their implementing regulations in effect in other States.

21.      At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

<u>**Defendant's Failure to Pay Overtime Compensation**</u>

22.     The FLSA, Ohio Law, and the materially similar laws and their implementing regulations in effect in other States, required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they

worked in excess of forty (40), as well as provided other pay requirements as applicable. 29

U.S.C. § 207; O.R.C. §§ 4111.01, *et seq.,* 4113.15, 2307.60, and/or materially similar laws and

their implementing regulations in effect in other States.

23.     Plaintiff and other members of the FLSA Collective and the State Law Class

frequently worked more than forty (40) hours in a single workweek.

24.     Although Defendant suffered and permitted Plaintiff and other members of the

FLSA Collective and the State Law Class to work more than forty (40) hours per workweek,

Defendant failed to pay Plaintiff and other members of the FLSA Collective and the State Law

Class overtime at a rate of one and one half times the regular rate of pay for all hours worked

over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Collective

and the State Law Class were not properly paid overtime for many of their overtime hours

worked as required by the FLSA, 29 U.S.C. § 207, and State Law, O.R.C. §§ 4111.01, *et seq.,*

4113.15, 2307.60, and the materially similar laws and their implementing regulations in effect in

other States.

25.     Defendant consistently failed to pay Plaintiff and other members of the FLSA

Collective and the State Law Class for all hours, including overtime hours, worked. 29 U.S.C. §

207; O.R.C. §§ 4111.01, *et seq.,* 4113.15, 2307.60, and the materially similar laws and their

implementing regulations in effect in other States.

### *Defendant's Failure to Pay For Time Worked when Plaintiff and Other Members of the FLSA Collective and the State Law Class Access and Log Into / Out of Computer Systems, Applications, and Phone and other Systems*

26.     Plaintiff and other members of the FLSA Collective and the State Law Class were

required by Defendant to perform unpaid work before clocking in each day, including but not

limited to starting and logging into Defendant's computer systems, numerous software

applications and programs, and phone system. By way of example, on a daily basis, Plaintiff Melissa Deaver, and other members of the FLSA Collective and State Law Class, is required to boot up her computer, start and log into Defendant's computer systems, numerous software applications and programs – including nearly fifteen (15) separate screens – and phone system, and ensure that each program/system is running correctly. At the beginning of their shifts and prior to being paid, Plaintiff's and other members of the FLSA Collective's and the State Law Class's computers also crashed or had other information technology ("IT") issues – which required troubleshooting and/or correspondence with supervisors and/or Defendant's IT department – which was also not compensated.

27.     Booting up computers, starting and logging into Defendant's computer systems, numerous software applications and programs, and phone system, and ensuring that each program/system is running correctly including addressing IT issues is required by the nature of the work performed, is required by Defendant, is performed for Defendant's benefit, constitutes part of Plaintiff's and other members of the FLSA Collective's and the State Law Class's principal activities, and/or is a necessary and indispensable part of their principal activities.

28.     Moreover, part of the jobs they were hired to perform included booting up computers, starting and logging into Defendant's computer systems, numerous software applications and programs, and phone system, and ensuring that each program/system is running correctly. Plaintiff and other members of the FLSA Collective and the State Law Class used Defendant's computers, applications, internal systems, and other programs throughout their entire workday and necessarily required these tools to perform their jobs. Defendant could not eliminate Plaintiff's and other members of the FLSA Collective's and the State Law Class's job duties – including starting and logging into Defendant's computer systems, numerous software

applications and programs, and phone system, and ensuring that each program/system is running correctly including addressing IT issues – without eliminating Plaintiff's and other members of the FLSA Collective's and the State Law Class's ability to perform their jobs. Plaintiff and other members of the FLSA Collective and the State Law Class cannot perform their work without booting up computers, starting and logging into Defendant's computer systems, numerous software applications and programs, and phone system, and ensuring that each program/system is running correctly, as well as dealing with various IT issues, such as computer crashes and troubleshooting.

29.    These activities are thus compensable as they are "integral and indispensable to the principal activities that [Plaintiff Deaver and other members of the FLSA Collective and the State Law Class are] employed to perform [as these activities are an] intrinsic element of those activities and one with which [these workers] cannot dispense" if these workers are to perform their principal job activities.[6]

30.    However, while Plaintiff Deaver and other members of the FLSA Collective and the State Law Class require approximately ten (10) to fifteen (15) minutes to complete these job duties prior to the start of their shifts every day, Defendant arbitrarily fails to count this work performed by Plaintiff and other members of the FLSA Collective and the State Law Class as hours worked.

31.    If Plaintiff Deaver and other members of the FLSA Collective and the State Law Class are not ready and on the phone at shift start, they can be subject to discipline. If Plaintiff Deaver and other members of the FLSA Collective and the State Law Class clock in prior to five (5) minutes prior to their shift start time or one (1) minute after their shift start time, they may

---

[6] *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 33-34, 135 S.Ct. 513, 190 L.Ed.2d 410 (2014).

also be subject to discipline. As a result, the only way to be ready on time, and avoid discipline, is to perform compensable work "off-the-clock," including the job duties listed above, and without pay.

32.    Plaintiff and other members of the FLSA Collective and the State Law Class were also required by Defendant to perform unpaid work after their shift ended each day including, but not limited to, completing job duties after their last call, including sending emails, documenting sales, corresponding with supervisors, and generally performing the duties of their jobs,  as well as closing and logging out of Defendant's computer systems, numerous software applications and programs, and phone system. However, while Plaintiff Deaver and other members of the FLSA Collective and the State Law Class require approximately five (5) or more minutes to complete these job duties after the end of their shifts on a regular basis, Defendant arbitrarily fails to count this work performed by Plaintiff and other members of the FLSA Collective and the State Law Class as hours worked.

33.    Defendant arbitrarily failed to count the pre- and post-shift work described above and as performed by Plaintiff and other members of the FLSA Collective and the State Law Class as hours worked.

34.    Plaintiff and other members of the FLSA Collective and the State Law Class performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

35.    This unpaid work performed by Plaintiff and other members of the FLSA Collective and the State Law Class was practically ascertainable to Defendant. There is no practical administrative difficulty of recording this unpaid work.

36.     The requirement to work overtime by Plaintiff and other members of the FLSA

Collective and the State Law Class, including the off the clock tasks described above, was

unavoidable due to production/productivity quotas, and remote insurance agents were required to

work unpaid overtime hours, including the pre-shift compensable work described above, to

complete their job duties. Defendant's illegal pay practices were the result of systematic and

company-wide policies originating at the corporate level.

37.     Defendant's failure to compensate Plaintiff and other members of the FLSA

Collective and the State Law Class for hours worked more than forty (40) hours per week at "one

and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendant's failure to

pay all compensable pre- and post-shift work– constitutes a knowing and willful violation of the

FLSA, 29 U.S.C. § 207, and corresponding State Law, O.R.C. §§ 4111.01, *et seq*., 4113.15,

2307.60, and the materially similar laws and their implementing regulations in effect in other

States.

### *Defendant's Unlawful Time Manipulation Practices and Policies*

38.     In addition to the above overtime payment / off the clock payroll practices or

policies, while Plaintiff and other members of the FLSA Collective and the State Law Class were

paid on an hourly basis, Defendant consistently failed to pay Plaintiff and other members of the

FLSA Collective and the State Law Class for all hours worked as a result of Defendant's time

deletion, editing, and/or modification policies and practices.

39.     Plaintiff and other members of the FLSA Collective and the State Law Class

regularly reported work ending times through Defendant's timekeeping system, as required by

Defendant's policies.

40.     However, while Plaintiff and other members of the FLSA Collective and the State Law Class reported their work ending times, Defendant's managers and/or supervisors deleted, edited, modified, and/or altered Plaintiff's and other members of the FLSA Collective's and the State Law Class's timekeeping records and/or avoided paying Plaintiff and other members of the FLSA Collective and the State Law Class for work time occurring at the end of workdays in order to improperly reduce the number of hours paid ostensibly to reduce labor costs. *See* 29 C.F.R. § 785.11.

41.     Defendant's time editing practices reduced Plaintiff's and other members of the FLSA Collective's and the State Law Class's compensable overtime hours paid. As a result, Plaintiff and other members of the FLSA Collective and the State Law Class were not paid overtime for many of their hours worked over forty (40) as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, O.R.C. §§ 4111.01, *et seq.,* 4113.15, 2307.60, and the materially similar laws and their implementing regulations in effect in other States.

42.     Only by way of example, while Plaintiff Deaver dutifully utilized Defendant's system to record post-shift work as "overtime" hours worked, Plaintiff was informed that this time was denied in the timekeeping system by Defendant's time management team. Plaintiff questioned this practice of Defendant's denial of time worked with Defendant's time management team and her supervisor, and thus non-payment of overtime hours worked. Plaintiff was informed that this time worked, overtime hours, were denied because she allegedly "coded it wrong" in the timekeeping system.

43.     Despite complaining about Defendant's denial of time worked in the timekeeping system, Defendant did not correct Defendant's unilateral and arbitrary denial of time worked. Plaintiff Deaver's, and other members of the FLSA Collective's and the State Law Class's, hours

were instead paid based on inaccurate and/or incomplete records submitted to payroll. These
inaccurate and/or incomplete records do not include compensable work performed for Defendant
at the end of the legally compensable workday as a result of Defendant's unlawful and arbitrary
time denial practices and/or policies.

44.    Although Defendant suffered and permitted Plaintiff and other members of the
FLSA Collective and the State Law Class to work more than forty (40) hours per workweek,
Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective and the
State Law Class overtime at a rate of one and one half times the regular rate of pay for all hours
worked over forty (40) in a workweek. *See* 29 C.F.R. § 785.11. Although hourly employees
including Plaintiff and other members of the FLSA Collective and the State Law Class regularly
complete tasks that are required by Defendant, are performed for Defendant's benefit, and
constitute part of their principal activities and/or are integral and indispensable to their principal
activities, these workers are not paid for all the time spent performing these tasks as a result of
Defendant's time deletion, editing, and/or modification practices and/or policies. As a result,
Plaintiff and other members of the FLSA Collective and the State Law Class were not properly
paid for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et
seq*., and State Law, O.R.C. §§ 4111.01, *et seq*., 4113.15, 2307.60, and the materially similar
laws and their implementing regulations in effect in other States.

45.    Defendant's failure to compensate Plaintiff and other members of the FLSA
Collective and the State Law Class for hours worked more than forty (40) hours per week at "one
and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendant's time
editing practices and/or policies – constitutes a knowing and willful violation of the FLSA, 29

U.S.C. § 207, and corresponding State Law, O.R.C. §§ 4111.01, *et seq*., 4113.15, 2307.60, and the materially similar laws and their implementing regulations in effect in other States.

### *Defendant's Unlawful Failure to Include Required Remuneration in the Regular Rate*

46.    Defendant incorrectly calculated Plaintiff's and other members of the FLSA Collective's and the State Law Class's overtime rate for hours worked in excess of forty (40) hours in a workweek as a result of Defendant's failure to incorporate various forms of required remuneration, including but not limited to incentive bonuses and commissions, Defendant paid to its workers into the regular rate when calculating overtime.

47.    By way of example, Plaintiff and other members of the FLSA Collective and the State Law Class received bonuses/commissions when they met specific criteria, only by way of example, by selling specific types of policies, such as home and flood insurance.

48.    These bonuses/commissions were nondiscretionary because they were based on objective, predetermined, and measurable criteria, induce workers to work more efficiently or productively, and because Plaintiff and other members of the FLSA Collective and the State Law Class expected to receive the incentive bonuses/commissions and did in fact receive the bonuses/commissions on a regular basis. Defendant informs Plaintiff and other members of the FLSA Collective and the State Law Class of the incentive bonuses/commissions upon hiring or otherwise during their employments.

49.    Defendant paid Plaintiff and other members of the FLSA Collective and the State Law Class 1.5x times their base hourly rate for the hours they worked over forty (40) in a workweek. However, Defendant did not include all nondiscretionary bonuses/commissions, including the incentive bonuses/commissions listed above, that were paid to Plaintiff and other

members of the FLSA Collective and the State Law Class in their regular rates when calculating

their overtime pay even though Plaintiff and other insurance agents received bonuses in pay

periods in which they also worked in excess of forty (40) hours per workweek.

50.    Defendant engaged in several unlawful practices to deprive Plaintiff and other

members of the FLSA Collective and the State Law Class all overtime hours worked at their

proper overtime rates. These practices include (a) categorizing otherwise non-discretionary

bonuses/commissions as "discretionary" payments for payroll purposes, (b) offering "points" for

production-related bonuses that are paid out as gift cards or other forms of remuneration, and (c)

upon information and belief, not paying overtime on sales bonuses generally.

51.    However, while the FLSA, 29 U.S.C. § 207(e), 29 C.F.R. §§ 778.208, 778.117,

require that all forms of remuneration "paid to, or on behalf of, the employee," such as

nondiscretionary bonuses and commissions, "must be totaled in with other earnings to determine

the regular rate on which overtime pay [is] based," or "must be included in the regular rate,"

respectively, as a result of Defendant's failure to incorporate all nondiscretionary

bonuses/commissions into the determination of Plaintiff's and other members of the FLSA

Collective's and the State Law Class's regular rates for purposes of calculating overtime rates for

hours worked in excess of forty (40) in a given workweek, Plaintiff and other members of the

FLSA Collective and the State Law Class were deprived of earned overtime pay at the proper

overtime rate in violation of the FLSA, 29 U.S.C. § 207, and State Law, O.R.C. §§ 4111, *et seq.,*

2307.60, and the materially similar laws and their implementing regulations in effect in other

States.

52.    Defendant's failure to compensate Plaintiff and other members of the FLSA

Collective and the State Law Class for hours worked more than forty (40) hours per week at "one

14

and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendant's unlawful failure to include required remuneration in the regular rate – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding State Law, O.R.C. §§ 4111.01, *et seq.,* 4113.15, 2307.60, and the materially similar laws and their implementing regulations in effect in other States.

### Defendant's Unjust Enrichment

53.    In addition, Defendant was unjustly enriched by the retention of promised hourly wages that were earned and that rightfully belong to Plaintiff and other members of the FLSA Collective and State Law Class. Defendant was unjustly enriched in that it induced Plaintiff and other members of the FLSA Collective and State Law Class to perform work for the benefit of Defendant and retained the benefit of this work without having paid for the same.

54.    For example, while Defendant represented to Plaintiff and other members of the FLSA Collective and State Law Class that they would be paid at their hourly rates for all time spent working for Defendant, Defendant failed to pay for all time worked including but not limited to starting and logging into Defendant's computer systems, numerous software applications and programs, and phone system, and ensuring that each program/system was running correctly, as well as dealing with system crashes and IT issues, failed to pay for all time worked at the end of the workday, failed to pay for all work performed for Defendant as a result of Defendant's time deletion, editing, and/or modification practices and/or policies, and failed to include required remuneration in the regular rate when paying overtime compensation.

55.    At the end of the workday and/or workweek and after the work was performed, while operating under the understanding that they would be paid their correct hourly rates for all hours worked, Defendant arbitrarily and without prior notice failed to pay all hours worked,

including all overtime hours worked at the correct overtime rate. Plaintiff and other members of the FLSA Collective and State Law Class were ultimately not paid for all time worked at the earned hourly rate as a result of Defendant's unlawful practices and policies.

56.     Although Plaintiff and other members of the FLSA Collective and State Law Class satisfied the requirements of getting paid for all time worked – by virtue of working hours that Defendant was required to pay at the agreed, promised hourly rate – Plaintiff and other members of the FLSA Collective and Ohio Class were not paid for all hours worked in full as they were entitled.

57.     Defendant was unjustly enriched from Plaintiff and other members of the FLSA Collective and State Law Class by failing and/or refusing to pay earned wages in both overtime and non-overtime weeks.

58.     Plaintiff and other members of the FLSA Collective and State Law Class reasonably expected to be paid for all hourly work completed at the hourly rates they agreed to be paid.

59.     However, while Defendant knew that Plaintiff and other members of the FLSA Collective and State Law Class worked for all the hours that improperly remain unpaid, Defendant nevertheless failed to pay for all hours worked as a result of Defendant's off the clock, time manipulation, and improper hourly rate calculation policies and practices, resulting in less time paid than time actually worked.

60.     Defendant employs a longstanding policy or practice of failing and/or refusing to pay all earned hourly wages to employees. *See, e.g., Acklin v. Homesite Group, Inc.*, No. 1:18-cv-12183 (D. Mass., filed Oct. 22, 2018). Defendant improperly and unlawfully retained hours

worked and hourly wages rightfully earned and owed to Plaintiff and other members of the FLSA Collective and State Law Class.

61.     Allowing Defendant to retain the benefits provided by Plaintiff and other members of the FLSA Collective and State Law Class – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust.

62.     As a direct and proximate result of Defendant's unjust enrichment described herein, Plaintiff and other members of the FLSA Collective and State Law Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the FLSA Collective and State Law Class but not paid by Defendant.

**Defendant's Record Keeping Violations**

63.     The FLSA, Ohio Law, and/or the materially similar laws and their implementing regulations in effect in other States, required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a; and the materially similar State laws and their implementing regulations.

64.     For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

65.     State Law, by way of example Ohio law, also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34, and the materially similar State laws and their implementing regulations.

66.     Defendant failed to keep accurate records of hours worked. Thus, Defendant did not record or pay all hours worked in violation of the FLSA, Ohio Law, and the materially similar laws and their implementing regulations in effect in other States.

**The Willfulness of Defendant's Violations**

67.     Defendant knew that Plaintiff and other members of the FLSA Collective and State Law Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

68.     By denying Plaintiff and other members of the FLSA Collective and State Law Class overtime compensation as required by the FLSA, Ohio law, and the materially similar laws and their implementing regulations in effect in other States, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal law, Ohio Law, and the materially similar laws and their implementing regulations in effect in other States, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA, Ohio

law, and the materially similar laws and their implementing regulations in effect in other States

or acted in reckless disregard as to Defendant's obligations under these laws.

69.     Moreover, Defendant's obligations under these laws were clearly known by

Defendant. For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections

4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary

of the sections, approved by the director of commerce, and copies of any applicable rules issued

thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about

the premises wherein any person subject thereto is employed." As approved by the director of

commerce, this conspicuously-placed posting includes the language: "[a]n employer shall pay an

employee for overtime at a wage rate of one and one-half times the employee's wage rate for

hours in excess of 40 hours in one work week, except for employers grossing less than $150,000

per year." Defendant therefore knew about the overtime requirements of the FLSA, Ohio law,

and the materially similar laws and their implementing regulations in effect in other States, or

acted in reckless disregard for whether Plaintiff and other members of the FLSA Collective and

State Law Class were entitled to overtime compensation.

70.     In addition, as provided above, Defendant Homesite's employee overtime wage

compensation practices, including Defendant's overtime miscalculation policies, have previously

been challenged as willful attempts to circumvent the FLSA and State Law. *See Acklin v.*

*Homesite Group, Inc.,* No. 1:18-cv-12183 (D. Mass., filed Oct. 22, 2018). Despite Defendant

previously paying a gross total of $359,789.00 in overtime back wages and other damages,

Defendant has continued to willfully and intentionally underpay its employees overtime

compensation.

71.     Plaintiff and other members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260, and the materially similar laws and their implementing regulations in effect under State law.

72.     Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA, Ohio law, and the materially similar laws and their implementing regulations in effect in other States.

73.     The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111; O.R.C. § 4113.15, O.R.C. § 2307.60; and the materially similar laws and their implementing regulations in effect in other States.

## COLLECTIVE ACTION ALLEGATIONS

74.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

75.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

76.     Plaintiff brings this case on behalf of an FLSA collective group of employees of Defendant (referred to herein as the "FLSA Collective").

77.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations as to the FLSA Collective consist of:

**All current and former remote insurance agent employees and all other workers with similar job titles and/or positions of Defendant in the United States during the period of three years preceding the commencement of this action to the present.**

78.    Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

79.    Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

80.    Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the FLSA Collective consists of several hundred or more persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

81.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

82.    Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio and the materially similar laws and their implementing regulations in effect in other States (the "State Law Class"), defined as:

> **All current and former remote insurance agent employees and all other workers with similar job titles and/or positions of Defendant during the period of six years preceding the commencement of this action to the present.**

83.    The State Law Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon

21

information and belief, that they consist of several hundred or more persons. The number of class

members, as well as their identities, are ascertainable from the payroll and personnel records

Defendant has maintained, and was required to maintain, pursuant to the FLSA, Ohio Law, and

the materially similar laws and their implementing regulations in effect in other States. 29 U.S.C.

§ 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Ohio Law; and the materially similar State

laws and their implementing regulations.

84.    There are questions of law or fact common to the State Law Class, including but

not limited to:

> Whether Defendant's conduct as described above violates State law, including
> Ohio Law and the materially similar laws and their implementing regulations in
> effect in other States, governing payment of overtime and non-overtime
> compensation;

> Whether Defendant denied employees overtime and non-overtime compensation
> under State law, including Ohio Law and the materially similar laws and their
> implementing regulations in effect in other States, where, among other things,
> employees were not paid wages for their overtime hours and non-overtime hours
> worked; and

> What amount of monetary relief will compensate Plaintiff and other members of
> the State Law Class for Defendant's violations of State law, including Ohio Law
> and the materially similar laws and their implementing regulations in effect in other
> States.

85.    Plaintiff's claims are typical of the claims of other members of the State Law Class.

Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on

the same legal theories, as the claims of other class members.

86.    Plaintiff will fairly and adequately protect the interests of the State Law Class.

Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other

class members. Plaintiff's counsel have broad experience in handling class action litigation,

including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State

Law Class in this case.

87.     The questions of law or fact that are common to the State Law Class predominate

over any questions affecting only individual members. The primary questions that will determine

Defendant's liability to the class, listed above, are common to the class as a whole, and

predominate over any questions affecting only individual class members.

88.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy. Requiring class members to pursue their claims individually

would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and

demands on court resources. Many class members' claims are sufficiently small that they would

be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to

be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

89.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

90.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on

behalf of herself and members of the FLSA Collective who may join this case pursuant to 29

U.S.C. § 216(b).

91.     The FLSA requires that "non-exempt" employees receive overtime compensation

of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. §

207(a)(1).

92.    Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

93.    Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

94.    Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and other members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Plaintiff and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

95.    As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## **COUNT TWO**
### **(Ohio Wage and Hour Violations and/or Similar State Laws**
### **and Implementing Regulations in Effect in Other States)**

96.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

97.    Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03, Ohio's Prompt Pay Act, O.R.C. § 4113.15, Ohio's statue providing for Civil Violations for Criminal Acts, O.R.C. § 2307.60, and the materially similar laws and their implementing regulations in effect in other States, on behalf of herself and other members of the FLSA Collective and State Law Class.

98.    At all times relevant, Defendant was an entity covered by the Ohio Wage Law O.R.C. § 4111.01, *et seq.,* and the materially similar laws and their implementing regulations in effect in other States, and Plaintiff and other members of the FLSA Collective and State Law Class have been employed by Defendant within the meaning of the Ohio Wage Law, O.R.C. § 4111.01, *et seq.,* and the materially similar laws and their implementing regulations in effect in other States.

99.    Defendant's failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek" violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03, and the materially similar laws and their implementing regulations in effect in other States.

100.    Defendant's failure to timely pay Plaintiff and other members of the FLSA Collective and State Law Class all wages, including overtime wages, violated Ohio's Prompt Pay Act, O.R.C. § 4113.15(A), and the materially similar laws and their implementing regulations in effect in other States.

101.    By its acts and omissions described in this Complaint, Defendant has willfully[7] violated the FLSA, and Plaintiff and the State Law Class have been injured as a result. O.R.C. § 2307.60, and the materially similar laws and their implementing regulations in effect in other States, permit anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.[8]

102.    In addition, by its acts and omissions described in this Complaint, Defendant has violated the Ohio overtime compensation statute, O.R.C. § 4111.03, Ohio's Prompt Pay Act, O.R.C. § 4113.15, and the materially similar laws and their implementing regulations in effect in other States, and Plaintiff and the State Law Class have been injured as a result. O.R.C. § 4111.99(A) provides that "[w]hoever violates division (A) or (D) of section 4111.13 of the Revised Code is guilty of a misdemeanor of the fourth degree." O.R.C. § 4111.13(D) further provides that "[n]o employer shall otherwise violate sections 4111.01 to 4111.17 of the Revised Code, or any rule adopted thereunder. Each day of violation constitutes a separate offense." O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.[9]

103.    Defendant's violations of Ohio Law, including the Ohio overtime compensation statute, O.R.C. § 4111.03, Ohio's Prompt Pay Act, O.R.C. § 4113.15, and Ohio's statue regarding Civil Violations for a Criminal Act, O.R.C. § 2307.60, and the materially similar laws and their implementing regulations in effect in other States, injured Plaintiff and other members

---

[7] 29 U.S.C. § 216(a) provides that "Any person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both."

[8] *Buddenberg v. Weisdack*, 2020-Ohio-3832 (Ohio Supreme Court, 2020) (holding that claim under O.R.C. § 2307.60 requires a *criminal act*, not a criminal conviction); *Waters v. Pizza*, S.D.Ohio No. 3:19-cv-372, 2021 U.S. Dist. LEXIS 11743, at *14 (Jan. 22, 2021) (certifying O.R.C. § 2307.60 Fed. R. Civ. P. 23 class action).

[9] *Id.*

of the FLSA Collective and State Law Class in that they did not receive wages due to them pursuant to these statutory and/or other laws and regulations.

104.    As a result of Defendant's willful violations of the FLSA and violations of State Law, Plaintiff and the State Law Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60 and the materially similar laws and their implementing regulations in effect in other States. In addition, having injured Plaintiff and other members of the FLSA Collective and the State Law Class, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law and the materially similar laws and their implementing regulations in effect in other States, *see* O.R.C. § 4111.10, as well as liquidated damages pursuant to O.R.C. § 4113.15, and exemplary or punitive damages pursuant to O.R.C. § 2307.60, and the materially similar laws and their implementing regulations in effect in other States.

## COUNT THREE
### (Unjust Enrichment)

105.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

106.    As hereinabove alleged, the terms of compensation established by Defendant promised employees they would be paid wages for the hours they worked at the promised hourly rate, and all of the work Plaintiff and other members of the FLSA Collective and State Law Class performed during their employments was performed under, and in return for, those terms of compensation. However, Plaintiff and other members of the FLSA Collective and State Law Class were not paid the hourly rates they agreed to be paid for all work completed but were

27

instead paid less than agreed as a result of Defendant's off the clock, time manipulation, and improper hourly rate calculation policies and practices.

107.    Plaintiff and other members of the FLSA Collective and State Law Class have fully performed work that ultimately benefitted Defendant but were not paid for this work performed.

108.    Defendant has been unjustly enriched at the expense of Plaintiff and other members of the FLSA Collective and State Law Class.

109.    Defendant has retained the benefit of Plaintiff's and other members of the FLSA Collective's services without compensating them as promised, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

110.    Allowing Defendant to retain the benefits provided by Plaintiff and other members of the FLSA Collective and State Law Class – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust.

111.    As a direct and proximate result of Defendant's unjust enrichment described herein, Plaintiff and other members of the FLSA Collective and State Law Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the FLSA Collective and State Law Class but not paid by Defendant at the correct hourly rates.

112.    Plaintiff and other members of the FLSA Collective and the State Law Class are entitled to their regular hourly rate of pay for all non-overtime hours worked each workweek during the relevant time period not timely paid, as well as one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek during the relevant time period not timely paid, as well as liquidated damages, exemplary and/or punitive

damages, and penalties pursuant to Ohio Law, and/or the materially similar laws and their implementing regulations in effect in other States, including but not limited to those cited in paragraph 1, above.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and other members of the FLSA Collective

and State Law Class, respectfully prays that this Honorable Court:

A.    Conditionally certify this case as a nationwide FLSA "collective action" pursuant
to 29 U.S.C. § 216(b) as to the FLSA Collective and direct that Court-approved
notice be issued to similarly-situated persons informing them of this action and
enabling them to opt in;

B.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of
Plaintiff and other members of the State Law Class;

C.    Enter judgment against Defendant, and in favor of Plaintiff, the Opt-Ins who join
this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class;

D.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant
to 29 U.S.C. § 216(b), and the members of the State Law Class in the amount of
their unpaid overtime wages, as well as liquidated damages in an equal amount, in
addition to penalty damages;

E.    Award compensatory, exemplary and punitive damages under O.R.C. § 2307.60
and the materially similar laws and their implementing regulations in effect in
other States;

F.    Award monetary relief and restitution to Plaintiff and other members of the FLSA
Collective and State Law Class in an amount sufficient to divest Defendant of the
amounts gained by its unjust enrichment;

G.    Designation of Plaintiff as representative of the Rule 23 State Law Class, and
counsel of record as Class Counsel for the Class;

H.    Enter permanent injunctive relief to compel Defendant to ensure that it captures
all hours worked by Plaintiff and the FLSA Collective and State Law Class
members and pays the overtime and non-overtime wages due to these individuals;

I.    Award Plaintiff and other members of the FLSA Collective and State Law Class
compensatory damages, non-timely payment of wage penalties pursuant to Ohio
Law and/or the similar laws and their implementing regulations in effect in other
States, prejudgment interest, post-judgment interest,  costs, and attorneys' fees
incurred in prosecuting this action, expert fees, as well as statutory and/or punitive
damages and an award of damages representing Defendant's employers' share of
FICA, FUTA, state unemployment insurance, and any other required employment
taxes; and

J.       Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully submitted,

*s/ Philip J. Gordon*
**Philip J. Gordon**
Mass. BBO# 630989
**Kristen M. Hurley**
Mass. BBO# 658237
**GORDON LAW GROUP, LLP**
585 Boylston St.
Boston, MA 02116
617-536-1800 – Telephone
617-536-1802 – Facsimile
pgordon@gordonllp.com
khurley@gordonllp.com

*and*

*s/ Joseph F. Scott*
**Joseph F. Scott***
Ohio Bar No. 0029780
**Ryan A. Winters***
Ohio Bar No. 0086917
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

**Kevin M. McDermott II***
Ohio Bar No. 0090455
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF,*
*PROPOSED FLSA COLLECTIVE ACTION PLAINTIFFS,*
*AND PROPOSED FED. R. CIV. P. 23 CLASS COUNSEL*

*\*APPLICATION PRO HAC VICE TO BE FILED*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA DEAVER, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>    *v.*<br><br>HOMESITE GROUP INCORPORATED,<br><br>    Defendant. | **EXHIBIT A**<br><br>**OPT-IN CONSENT FORM** |

   By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf, to contest the failure of Homesite Group Incorporated and/or its parents, subsidiaries, predecessors, successors, affiliated, and related companies ("Homesite"), to pay me proper wages, including overtime wages, under federal and/or state law.  I appoint Scott & Winters Law Firm, LLC and Gordon Law Group, LLP to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit. I understand that by filing this Consent Form I will be bound by the judgment of the Court on all issues in this case.

_____
Melissa Deaver (Sep 1, 2022 10:13 EDT)
**SIGNATURE**

Sep 1, 2022
_____
**DATE**

Melissa Deaver
_____
**PRINT NAME**