UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA DEAVER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>HOMESITE GROUP INCORPORATED,<br><br>Defendant. | CIVIL ACTION<br>NO. 1:22-cv-11416-AK |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1
AND THE COURT'S JANUARY 11, 2023 NOTICE OF
SCHEDULING CONFERENCE (ECF #10)**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.1, and the Court's January 11, 2023 Notice of Scheduling Conference (ECF #10), counsel for Plaintiff, Melissa Deaver (hereinafter "Plaintiff"), and counsel for Defendant, Homesite Group Incorporated, (hereinafter "Defendant"), certify that they have conferred concerning, among other things: the nature and basis of their claims and defenses, the possibility of a settlement of the case, and preparing a proposed pretrial schedule for the case including a plan for discovery. The Parties conferred on January 25, 2023, pursuant to Local Rule 16.1 and Federal Rule of Civil Procedure 26(f).

**I.      PROPOSED TIMETABLE FOR DISCOVERY AND MOTION PRACTICE**

The Parties propose the following schedule for the completion of initial discovery and 29 U.S.C. § 216(b) conditional certification motion practice, and the Parties propose that the Court defer setting fact discovery, expert discovery, dispositive motion practice, and other deadlines until after the Court's ruling on conditional certification. The rationale for this schedule is 1) that the parties intend to engage in early settlement discussions; and 2) that deadlines for class

certification and dispositive motions can best be addressed after the Court's ruling on conditional certification. In the alternative, and in compliance with the Court's Notice of Scheduling Conference (ECF #10), the Parties propose separate alternative deadlines as outlined below:

1. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by **February 9, 2023**.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **March 24, 2023**.

3. **Conditional Certification pursuant to 29 U.S.C. § 216(b).**

    a. Plaintiff's conditional certification motion pursuant to 29 U.S.C. § 216(b) shall be filed no later than **April 25, 2023**.

    b. Oppositions to conditional certification must be filed within 21 days after service of the motion.

    c. Reply memoranda are permitted, provided that such reply memorandum does not exceed ten pages, is double-spaced, and is filed within 14 days after service of the opposition papers.

    d. Sur-Reply memoranda are not permitted without leave of Court.

4. **Fact Discovery – Interim Deadlines.**

    a. Written discovery (requests for production of documents, interrogatories and request for admissions) shall be served no later than: **As above, the Parties respectfully request that the Court defer setting this deadline until after the Court's ruling on conditional certification. In the alternative, the Parties propose November 1, 2023.**

    b. All depositions, other than expert depositions, must be completed by: **As above, the Parties respectfully request that the Court defer setting this deadline until after the Court's ruling on conditional certification. In the alternative, the Parties propose November 1, 2023.**

5. **Fact Discovery – Final Deadline.**

    a. All discovery, other than expert discovery, must be completed by: **As above, the Parties respectfully request that the Court defer setting this deadline until after the Court's ruling on conditional certification. In the alternative, the Parties propose November 1, 2023.**

6. **Status Conference.** NOTE: The Court will schedule a status conference shortly after the close of fact discovery to discuss case management issues such as the need for expert discovery and dispositive motions. **As above, the Parties respectfully request that the Court defer setting this deadline until after the Court's ruling on conditional certification. In the alternative, the Parties propose November 15, 2023**.

7. **Expert Discovery.**

    a. Plaintiff(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by: **As above, the Parties respectfully request that the Court defer setting this deadline until after the Court's ruling on conditional certification. In the alternative, the Parties propose December 1, 2024.**

    b. Plaintiff(s)' trial experts must be deposed by: **As above, the Parties respectfully request that the Court defer setting this deadline until after the Court's ruling on conditional certification. In the alternative, the Parties propose January 1, 2024**.

    c. Defendant(s) trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by: **As above, the Parties respectfully request that the Court defer setting this deadline until after the Court's ruling on conditional certification. In the alternative, the Parties propose February 1, 2024.**

    d. Defendant(s)' trial experts must be deposed by: **As above, the Parties respectfully request that the Court defer setting this deadline until after the Court's ruling on conditional certification. In the alternative, the Parties propose March 1, 2024.**

8. **Dispositive Motions.**

    a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by: **As above, the Parties respectfully request that the Court defer setting this deadline until after the Court's ruling on conditional certification. In the alternative, the Parties propose February 1, 2024.**

    b. Oppositions to dispositive motions must be filed within 21 days after service of the motion.

    c. Reply memoranda are permitted, provided that such reply memorandum does not exceed ten pages, is double-spaced, and is filed within 14 days after service of the opposition papers.

    d. Sur-Reply memoranda are not permitted without leave of Court.

9. **Trial by Magistrate Judge.** The Parties **do not** consent to trial by magistrate judge at this time.

The Parties understand and agree that this discovery schedule assumes the cooperation of the Parties, all third-party witnesses, and expert witnesses. The Parties further agree that requests for additional time for discovery may be made and shall be reasonably agreed to in the event of delays occasioned by discovery disputes requiring a decision by the Court, and/or the unavailability of fact or expert witnesses due to vacation or work schedules.

## II.     ELECTRONICALLY STORED INFORMATION

The Parties do not anticipate a need for an agreement concerning the production of electronically stored information at this time. In compliance with Federal Rule of Civil Procedure 34(a)(1), the parties have been advised to preserve all documents or electronically stored information that could potentially be relevant to this matter, including writings, drawings, graphs, charts, spreadsheets, payroll and timekeeping records, cloud-based / third party computer data storage, emails and other electronic correspondence including communications conducted in messaging applications or in workplace collaboration tools, photographs, sound recordings, images, digital or electronic media, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

## III.    SETTLEMENT - LOCAL RULE 16.1(c)

The Parties have yet to reach a settlement of this matter at this time. Plaintiff brought this action against the Defendant on her own behalf and on behalf of other similarly situated current and former remote insurance agent employees and all other workers with similar job titles and/or positions who worked for the Defendant during the relevant time period. As such, pursuant to Local Rule 16.1(c), Plaintiff requests that this Court enter an order allowing her to tender a

written settlement proposal to the Defendant within a reasonable time period, no later than sixty (60) days, following the Defendant's production of certain discovery. As this is a wage and hour case, damage calculations, including alleged unpaid wages and liquidated damages for Plaintiff and other members of the FLSA Collective and the State Law Class, along with costs and reasonable attorney's fees, will be made finalized by Plaintiff as soon as they can be calculated, in a reasonable period of time after certain discovery has been produced. Such Order would allow the Plaintiff the opportunity to present the Defendant with a more accurate settlement offer.

## IV.   CERTIFICATION -- LOCAL RULE 16.1(d)(3)

The undersigned counsel hereby certify that they have each conferred with their respective client regarding alternative dispute resolution in compliance with Local Rule 16.1(d)(3). Such certifications will be filed by each Party under separate cover.

## V.   REQUEST FOR ADOPTION OF THE PROPOSED SCHEDULE OR, IN THE ALTERNATIVE, APPEARANCE OF COUNSEL BY VIDEO CONFERENCE

Pursuant to the Court's January 11, 2023 Notice of Scheduling Conference (ECF #10), if the Court finds that the Parties' proposed deadlines are reasonable or require only minor adjustments, the Parties respectfully request that the Court enter a scheduling order in lieu of holding the scheduling conference.

In the alternative, the Parties respectfully request that the Court allow the Scheduling Conference to be conducted by video conference. Pursuant to the Court's Order, the Parties will "reach out to the Courtroom Deputy Clerk to modify the hearing no later than two business days prior to the scheduled hearing." The Parties respectfully request that the Court require only the attendance of counsel for the Parties at the video conference.

Respectfully Submitted,

*s/ Philip J. Gordon*
**Philip J. Gordon**
Mass. BBO# 630989
**Kristen M. Hurley**
Mass. BBO# 658237
**GORDON LAW GROUP, LLP**
585 Boylston St.
Boston, MA 02116
617-536-1800 – Telephone
617-536-1802 – Facsimile
pgordon@gordonllp.com
khurley@gordonllp.com

*and*

**Joseph F. Scott**\*
Ohio Bar No. 0029780
**Ryan A. Winters**\*
Ohio Bar No. 0086917
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221 F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

*s/ Kevin M. McDermott II*
**Kevin M. McDermott II**\*
Ohio Bar No. 0090455
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221 F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, PROPOSED FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED FED. R. CIV. P. 23 CLASS COUNSEL*

\*PROCEEDING *PRO HAC VICE*

*s/Jeffrey A. Fritz (via email consent)*
Jeffrey A. Fritz, BBO #658195
**FISHER & PHILLIPS LLP**
200 State Street, 7th Floor
Boston, Massachusetts 02109
(617) 722-0044
jfritz@fisherphillips.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II